UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANJAY TRIPATHY,

                Plaintiff,

-against-

THE CITY OF NEW YORK (Represented by Mayor Bill De Blasio),

                Defendant.

1:20-CV-1646 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is incarcerated in the Gowanda Correctional Facility and is proceeding *pro se*, has paid the relevant fees to bring this action. He asserts claims under 42 U.S.C. § 1983 that the defendant, the City of New York, violated his federal constitutional rights. For the reasons discussed below, the Court dismisses this action but grants Plaintiff leave to replead certain claims in an amended complaint to be filed within 30 days of the date of this order.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's civil rights complaint, or any portion of that complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff, a resident of North Carolina, sues the City of New York as "represented by Mayor Bill De Blasio." (ECF 1, at 2.) He makes the following allegations: On or about June 16, 2016, police searched him and his Manhattan hotel room without a warrant, confiscated property from his hotel room, and arrested him. On July 11, 2018, following a jury trial in the New York Supreme Court, New York County, in which a jury found him guilty, the state court sentenced Plaintiff to a term of imprisonment that he is now serving. He has appealed his conviction, and his appeal is pending in the New York Supreme Court, Appellate Division, First Department.

Plaintiff does not seek "relief in [his] criminal case," but asserts claims arising from the "corrupt, discriminatory, illegal, prejudicial, harassment, intimidation, retaliation, and such unconstitutional/unethical/immoral practices in [his criminal] case and in other criminal cases handled by the Manhattan [District Attorney's] office . . . ." (*Id.* at 3.) He asserts that that office "is under the jurisdiction, control, supervision of [t]he City of New York ([r]epresented by Mayor Bill De Blasio) . . . ." (*Id.*) While Plaintiff "understand[s] the concept of immunity for the [District Attorney's office, including the District Attorney, and Assistant District Attorneys] while performing their functions," "such unconstitutional practices that routinely occur in the [District Attorney's] office have harmed, continue to harm [criminal defendants, including him], and deprive [him and others] of their constitutional rights." (*Id.*) "[T]he City of New York is [therefore] liable under the concept of [s]ystemic [f]ailure and [s]upervisory [l]iability for their actions." (*Id.*)

Plaintiff asks this Court "to assign a Magistrate Judge to look into the facts of [Plaintiff's criminal] case [and to] look at similar [u]nconstitutional acts/practices that have been done by/in the [District Attorney's] office." (*Id.* at 12-13.) He also seeks $250 million in damages. And he further asks the Court "to censure the City of New York, [the District Attorney's] office and report this to the Bar, appropriate commission on judicial/prosecutorial misconduct and other legal bodies responsible for the fair, professional, and ethical conduct of our criminal justice system." (*Id.* at 13.) In addition, he asks the Court to direct the City of New York "to fund an independent [o]mbudsman's [o]ffice, . . . which reports to the Court/publicly releases data on the conduct of the [District Attorney's] office . . . ." (*Id.*)

## DISCUSSION

**A.     *Younger* abstention doctrine**

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court may not intervene in a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Heicklen v. Morgenthau*, 378 F. App'x 1, 2 (2d Cir. 2010) (summary order) (quoting *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973)). *Younger* abstention is appropriate in only three categories of state-court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013).

A state criminal proceeding ordinarily provides an adequate forum to raise federal constitutional challenges to a prosecution. *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994). Thus, the *Younger* abstention doctrine applies when a plaintiff seeks a federal court's intervention in a state criminal action while that plaintiff's criminal appeal is pending. *See Randolph v. Vance*, No. 19-CV-6377, 2019 WL 35664562, at *1-2 (S.D.N.Y. Aug. 5, 2019).

By asking this Court to "look into" his state criminal action and issue other injunctive relief against the New York County (Manhattan) District Attorney and Assistant District Attorneys while his criminal appeal is pending, Plaintiff asks this Court to intervene in his state criminal action. The Court therefore dismisses Plaintiff's claims for injunctive relief under the *Younger* abstention doctrine.

**B.     Claims under 42 U.S.C. § 1983 arising from the searches, seizures, and arrest**

The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 that members of the New York City Police Department ("NYPD") illegally searched Plaintiff and his

Manhattan hotel room, illegally seized his property (and did so without due process), and falsely arrested him. But those claims appear to be time-barred.

The limitations period to bring claims under § 1983 is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)) (internal quotation marks omitted, alterations in original). In New York, that period is three years. *See* N.Y.C.P.L.R. § 214(5); *Owens*, 488 U.S. at 249-51. A § 1983 claim generally accrues when the plaintiff knows or has reason to know of the injury that is the basis of the claim. *E.g., Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). Thus, a § 1983 claim asserting the illegal seizure of property accrues on the date of the seizure. *See, e.g.*, *Smith v. Doe*, No. 15-CV-0245, 2016 WL 7046803, at *2 (E.D.N.Y. Oct. 31, 2016), *report & recommendation adopted*, 2016 WL 7048700 (E.D.N.Y. Dec. 2, 2016). And a § 1983 claim for deprivation of property without due process of law also accrues when the plaintiff knew or had reason to know of the property deprivation. *See Sterngass v. Palisades Interstate Park Comm'n*, 260 F. App'x 395 (2d Cir. 2008) (summary order). Additionally, a § 1983 "claim for false arrest generally accrues on the date of the arrest." *Harrison v. New York*, 95 F. Supp.3d 293, 326 (E.D.N.Y. Mar. 20, 2015).

All of Plaintiff's § 1983 claims of illegal searches, illegal seizure of property (including any claims of seizure of property without due process), and false arrest accrued on or about June 16, 2016 – the date when the searches, seizures, and arrest occurred. The applicable limitations period for these claims therefore expired three years later, on or about June 16, 2019. Plaintiff's complaint was mailed from an address in North Carolina, not from the Gowanda Correctional Facility, where Plaintiff is presently incarcerated. The complaint was therefore filed in this Court on February 24, 2020, the date that the Clerk of Court received Plaintiff's complaint by mail, *see*

5

*Knickerbocker v. Artuz*, 271 F.3d 35, 37 (2d Cir. 2001) (prisoner's court submission is not deemed filed on its mailing date (the prison mailbox rule) if it is entrusted to someone that is not a prison official for mailing), about eight months and eight days after the applicable limitations period for these §1983 claims expired.

Accordingly, the Court dismisses these § 1983 claims for failure to state a claim on which relief may be granted. *See* § 1915A(b)(1). But because Plaintiff is proceeding *pro se*, the Court grants Plaintiff leave to replead these claims in an amended complaint in which he names as defendants those individual NYPD officers who violated his federal constitutional rights, *see Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (personal involvement requirement for § 1983 claims), and alleges facts showing why these § 1983 claims are timely or why the applicable limitations period should be tolled, *see Abbas*, 480 F.3d at 640-42 (directing district courts not to dismiss *pro se* claims as untimely without giving notice and an opportunity to be heard, and discussing how the limitations period for § 1983 claims can be tolled).

C.  **The City of New York**

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional

rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff has alleged no facts showing that a policy, custom, or practice of the City of New York caused a violation of his federal constitutional rights. The Court therefore dismisses Plaintiff's § 1983 claims against the City of New York for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). In light of Plaintiff's *pro se* status and his allegations that members of the NYPD illegally searched him and his hotel room, seized his property, and arrested him, however, the Court grants Plaintiff leave to replead his § 1983 claims against the City of New York in an amended complaint.[1]

---

[1] In the State of New York, a District Attorney and Assistant District Attorney act as state officials, not municipal officials, when they prosecute. *See Ying Jin Gan v. The City of New York*, 996 F.2d 522, 536 (2d Cir. 1993) (quoting *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988). Prosecutors are immune from civil suits for damages in their individual capacities for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)) (internal quotation marks omitted); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it") (internal quotation marks and citation omitted). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Plaintiff asserts § 1983 claims against the City of New York arising from his prosecution by the New York County District Attorney and Assistant District Attorneys. But those officials were acting as state officials, not City officials, when they prosecuted him. To the extent that he asserts § 1983 claims for damages against those officials in their individual capacities, those claims are dismissed because those officials are immune from suit and the claims are frivolous. *See* § 1915A(b)(1), (2); *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (claims dismissed for prosecutorial immunity are frivolous under the *in forma pauperis* statute).

## CONCLUSION

The Court dismisses this action.

The Court dismisses Plaintiff's claims for injunctive relief under the *Younger* abstention doctrine.

The Court dismisses the remainder of Plaintiff's claims as frivolous, for failure to state a claim on which relief may be granted, and for seeking monetary relief from defendants that are immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

The Court grants Plaintiff leave to replead his claims under 42 U.S.C. § 1983 against the City of New York and against individual members of the New York City Police Department in an amended complaint to be filed within 30 days of the date of this order. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter a judgment dismissing this action for the reasons specified in this order.

Chambers is to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated: April 6, 2020
         New York, New York

                                                                       *Louis L. Stanton*
                                                                         Louis L. Stanton
                                                                            U.S.D.J.