UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANJAY TRIPATHY,

                Plaintiff,

          -against-

THE CITY OF NEW YORK (Represented by Mayor Bill De Blasio), et al.,

                Defendants.

1:20-CV-1646 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff appears *pro se* and is presently incarcerated in the Gowanda Correctional Facility. He has paid the relevant fees to bring this action. By order dated April 6, 2020, the Court dismissed Plaintiff's claims for injunctive relief under the *Younger* abstention doctrine, and the remainder of his claims as frivolous, for failure to state a claim on which relief may be granted, and for seeking monetary relief from defendants that are immune from such relief. (ECF 2.) But the Court granted Plaintiff leave to replead his claims under 42 U.S.C. § 1983 against the City of New York and against individual members of the New York City Police Department ("NYPD") in an amended complaint to be filed within 30 days of the date of that order. (*Id.*) On May 14, 2020, the Court received Plaintiff's amended complaint. (ECF 3.)

      In his amended complaint, Plaintiff asserts claims of violations of his federal constitutional rights under § 1983. He sues the City of New York, Mayor Bill De Blasio, and five members of the NYPD, including Sergeant Shack and four unidentified "John Doe" defendants. He seeks damages, and asks the Court "to assign a Magistrate Judge to look into the facts of [his criminal] case." (*Id.* at 9.) The Court construes Plaintiff's amended complaint as also asserting claims under state law. For the reasons discussed below, the Court dismisses this action.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's civil rights complaint, or any portion of that complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal

conclusions. *Id.* After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

**A.     The April 6, 2020 order**

In its April 6, 2020 order the Court dismissed, under the *Younger* abstention doctrine, Plaintiff's claims for injunctive relief in which he asked this Court "to 'look into' his state criminal action and issue other injunctive relief against the New York County (Manhattan) District Attorney and Assistant District Attorneys while his criminal appeal is pending." (ECF 2 at 4.)

The Court construed Plaintiff's original complaint as asserting claims under 42 U.S.C. § 1983 that members of the NYPD illegally searched Plaintiff's Manhattan hotel room, illegally seized his property, did so without due process, and falsely arrested him. (*Id.* at 4-5.) The Court dismissed those claims for failure to state a claim on which relief may be granted as untimely. (*See id.* at 6.) But the Court granted Plaintiff leave to replead those claims in an amended complaint in which he names as defendants those individual members of the NYPD who violated his federal constitutional rights and alleges facts showing why his claims under § 1983 against those individuals are timely or why the applicable limitations period should be tolled. (*Id.*)

The Court further dismissed Plaintiff's claims under § 1983 against the City of New York. But it also granted Plaintiff leave to replead those claims in an amended complaint. (*Id.* at 6-7.) The Court construed Plaintiff's claims for damages against the City of New York arising from Plaintiff's prosecution by the New York County District Attorney and Assistant District Attorneys as brought against those officials in their individual capacities and dismissed those claims under the doctrine of prosecutorial immunity and as frivolous. (*Id.* at 7 n.1.)

3

B.     **Plaintiff's amended complaint**

In his amended complaint, Plaintiff alleges that the events that are the basis of his claims occurred between June 16, 2016, and May 30, 2018, and he make the following allegations: On or about June 16, 2016, the individual defendants who are members of the NYPD entered the Manhattan hotel room in which Plaintiff was staying, searched the room, seized Plaintiff's property, and arrested Plaintiff, all without a warrant. They also "forced [him] to provide passcodes for [his] 2 phones and 1 iPad to look into them without a search warrant and removed the complaining witness['s] purse . . . from [his] room." (ECF 3 at 6.)

Plaintiff was prosecuted in the New York Supreme Court, New York County. On May 30, 2018, a jury convicted him, and on July 11, 2018, the state court sentenced him. He has appealed his conviction, and his appeal is pending. He is currently serving his sentence in the Gowanda Correctional Facility.

Plaintiff asserts claims against the individual defendants in both their individual and official capacities. He also asserts claims against the City of New York because of the "corrupt, discriminatory, illegal, prejudicial, harassment, intimidation, retaliation and such . . . unconstitutional/unethical/immoral practices in [his criminal] case by [the individual] Defendants who are under the jurisdiction, control, [and] supervision of the City of New York . . . ." (*Id.* at 4.) He further asserts that the City of New York "is liable under the concept of Systemic Failure and Supervisory Liability for those unconstitutional actions, policies and procedures (and lack thereof)." (*Id.*)

Plaintiff states that he is "not asking the court to intervene or to provide relief in [his] criminal case (which is currently under appeal) but to look at the specifics of [his] case (and its constitutional violations) and take it as an important input for Systemic Failure, Supervisory Liability, and other such practices . . . ." (*Id.* at 5.) In addition to asserting claims arising from the

4

alleged search of his hotel room, seizure of his property, and his arrest, he asserts claims arising from alleged constitutional violations involving the "Grand Jury[,] Double Jeopardy, Self-Incrimination, Due Process, Takings, . . . [his] Jury Trial, . . . Procedural Rights, . . . Excessive Bail, Fines, Punishments, . . . Due Process, [and] Equal Protection." (*Id.*)

Plaintiff seeks damages, and asks this Court "to assign a Magistrate Judge to look into the facts of his [criminal] case . . . . This may include the full criminal case, all pre-trial hearings, depositions, and all other relevant information – like warrants, police reports, all transcripts of witness[] meetings, Police memos and other relevant material to [his] criminal case." (*Id.* at 9.)

## DISCUSSION

**A.** *Younger* **abstention doctrine**

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court may not intervene in a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Heicklen v. Morgenthau*, 378 F. App'x 1, 2 (2d Cir. 2010) (summary order) (quoting *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973)). *Younger* abstention is appropriate in only three categories of state-court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013).

A state criminal proceeding ordinarily provides an adequate forum to raise federal constitutional challenges to a prosecution. *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994). Thus, the *Younger* abstention doctrine applies when a plaintiff seeks a federal court's intervention in a state criminal action while that plaintiff's criminal appeal is pending. *See Randolph v. Vance*, No. 19-CV-6377, 2019 WL 3564562, at *1-2 (S.D.N.Y. Aug. 5, 2019).

By asking this Court to assign a Magistrate Judge to "look into" his state criminal action, which he alleges is pending on appeal, Plaintiff asks the Court to intervene in that action. The Court therefore dismisses Plaintiff's claims for injunctive relief in which he asks this Court to assign a Magistrate Judge to "look into" his pending state-court criminal action under the *Younger* abstention doctrine.

**B.     Witness immunity**

The Court understands Plaintiff's claims under § 1983 against those individual defendants who are members of the NYPD to include claims for damages that arise from those defendants' testimony during Plaintiff's state-court criminal proceedings. But witnesses are absolutely immune from liability under § 1983 for damages for their testimony, even if their testimony was false. *See Rehberg v. Paulk*, 566 U.S. 356, 366-69 (2012); *Briscoe v. LaHue*, 460 U.S. 325 (1983); *see also Jovanovic v. City of New York*, 486 F. App'x 149, 152 (2d Cir. 2012) (summary order) (when the "only avenue by which the [fabricated evidence can] reach the jury [is] through [a witness's] testimony," claims of fabricated evidence are precluded by witness immunity). The Court therefore dismisses these claims under the doctrine of witness immunity. *See* 28 U.S.C. § 1915A(b)(2).

**C.     Claims under § 1983 arising from the searches, seizures, and arrest**

In the Court's April 6, 2020 order, the Court granted Plaintiff leave to file an amended complaint "in which he names as defendants those individual NYPD officers who violated his federal constitutional rights and alleges facts showing why" his claims of illegal searches, illegal seizure of property, including any claims of seizure of property without due process, and false arrest under § 1983 "are timely or why the applicable limitations period should be tolled." (ECF 2 at 5-6.) The Court determined that (1) those claims accrued on or about June 16, 2016, "the date when the searches, seizures, and arrest occurred," (2) the applicable limitations period for

6

those claims expired three years later, on or about June 16, 2019, and (3) Plaintiff had not filed his original complaint until February 24, 2020, well after the applicable limitations period had expired. (*See id.*)

Plaintiff has alleged no facts in his amended complaint showing why his claims of illegal searches, illegal seizure of property, including any claims of seizure of property without due process, and false arrest under § 1983 are timely, or why the applicable limitations period for those claims should be tolled. Accordingly, the Court dismisses those claims for failure to state a claim on which relief may be granted because they are untimely.[1] *See* § 1915A(b)(1).

**D.    Mayor De Blasio**

To state a claim under § 1983 against an individual, a plaintiff must allege facts showing the individual's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). An individual defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for

---

[1] Because Plaintiff's amended complaint can be construed as asserting additional claims of malicious prosecution under § 1983 against the individual defendants who are members of the NYPD, the Court will address those claims. The applicable three-year limitations period for those types of claims does not accrue until there is a favorable termination of the plaintiff's criminal proceedings, *see Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994), which is when "the criminal proceedings against him [are] terminated in a manner indicating his innocence," *Lanning v. City of Glens Falls*, 908 F.3d 19, 29 (2d Cir. 2018). While Plaintiff alleges that he has been convicted, he also alleges that the appeal of his conviction is pending. Thus, if his appeal is successful, his claims of malicious prosecution under § 1983 may then accrue. Accordingly, in light of Plaintiff's *pro se* status, the Court dismisses any claims of malicious prosecution under § 1983 that Plaintiff asserts in his amended complaint without prejudice to Plaintiff's reasserting those claims in a future civil action if his conviction is overturned or otherwise invalidated.

the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). An individual can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[2]

Plaintiff names Mayor De Blasio as a defendant, but he alleges no facts showing how Mayor De Blasio was personally involved with any of the alleged violations of his federal constitutional rights. The Court therefore dismisses Plaintiff's claims under § 1983 against Mayor De Blasio for failure to state a claim on which relief may be granted. *See* § 1915A(b)(1).

**E.     The City of New York**

The Court must also dismiss Plaintiff claims under § 1983 against the City of New York. When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324,

---

[2] "Although the Supreme Court's decision in [*Iqbal*, 556 U.S. 662] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

"A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick*, 563 U.S. at 61. "[A] municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989) (second alteration in original)). "Only then can such a shortcoming be properly thought of as a city policy or custom that is actionable under § 1983." *Id.* (quoting *Harris*, 489 U.S. at 389) (internal quotation marks omitted). A plaintiff can allege deliberate indifference in this context by asserting facts suggesting that:

> [1] a policymaker knows to a moral certainty that city employees will confront a particular situation; [2] the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or there is a history of employees mishandling the situation; and [3] the wrong choice by the city employee will frequently cause the deprivation of a citizen's [federally protected] rights.

*Wray v. City of New York*, 490 F.3d 189, 195-96 (2d Cir. 2007) (internal quotation marks and citation omitted).

> Plaintiff, without any supporting facts, asserts that the City of New York has:
>
> failed to properly train, supervise, control, and correct its staff (NYPD Defendant[s]), who repeatedly engage in constitutional violations and also brag about it knowingly and purposefully. This is clearly due to lack of proper operational and supervisory practices, [a] culture of discrimination, lack of oversight, lack of any reprimands, approval problems, and actual approval of the supervisors to willingly disregard the constitutional rights – [Plaintiff's] and other such cases, culture to arrest, intimidate and force upon at all costs is illegal, unconstitutional and needs to change now. . . . The City of New York [is] responsible for the oversight, overall jurisdiction, conduct, practices done by its

> staff . . . and [is] personally in know (due to reviews, chain of command, and
> reporting type policies and procedures), and approval of these unconstitutional
> practices and thus liable under the doctrine of supervisory liability . . . . The City
> of New York [is] fully aware of these unconstitutional practices, approve[s] of
> them, turn[s] a blind eye towards them, encourage[s] or fail[s] to rein in the
> culture of these unconstitutional acts, and do[es] nothing to rectify them . . . .

(ECF 3 at 7-8.) These allegations are insufficient to state a claim under § 1983 against the City of New York. The Court therefore dismisses Plaintiff's claims under § 1983 against the City of New York for failure to state a claim on which relief may be granted.[3] *See* § 1915A(b)(1).

**F.      Claims under state law**

A district court may decline to exercise supplemental jurisdiction over claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims under federal law over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any claims under state law Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

---

[3] The Court must also dismiss the claims that Plaintiff asserts against the individual defendants, who are all officers or employees of the City of New York, in their official capacities, for failure to state a claim on which relief may be granted. *See* § 1915A(b)(1); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("There is no longer a need to bring official-capacity actions against local government officials [because] local government units can be sued directly for damages and injunctive or declaratory relief."); *see also Coon v. Town of Springfield, Vt.*, 404 F.3d 683, 687 (2d Cir. 2005) ("[A] § 1983 suit against a municipal officer in his official capacity is treated as an action against the municipality itself.").

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses this action.

The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 for injunctive relief under the *Younger* abstention doctrine.

The Court dismisses the remainder of Plaintiff's claims under § 1983 for failure to state a claim on which relief may be granted and for seeking monetary relief from defendants that are immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

The Court declines to consider Plaintiff's claims under state law under the Court's supplemental jurisdiction. 28 U.S.C. § 1367(c)(3).

SO ORDERED.

Dated:   June 30, 2020
         New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.